# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THEODORE W. OSWALD**
        **Petitioner,**

    v.                                       Case No. 01-C-0182

**DANIEL BERTRAND**
        **Respondent.**

## DECISION AND ORDER

On March 26, 2003, I granted petitioner Theodore W. Oswald's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his 1995 conviction of nineteen offenses in Waukesha County Circuit Court. However, in order to afford the state an opportunity to retry petitioner, I stayed execution of my order for 180 days. I extended this stay a number of times to allow respondent to appeal my order. Currently, the state plans to retry petitioner on May 2, 2005. Before me now is petitioner's "Motion to Modify Relief Ordered by the Court," in which he asks that I modify my order and prohibit the state from retrying him on the ground that a retrial would violate the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment.

## I. NATURE OF MOTION

Initially, petitioner did not identify a basis for his motion. Respondent argues that I should consider the motion under Fed. R. Civ. P. 60(b), which under certain conditions allows a party to obtain relief from a judgment. In his reply, petitioner contends that I should treat the motion as a new habeas petition brought pursuant to 28 U.S.C. § 2241. However, if petitioner intended to file a new habeas petition, he could have done so. Had

he done so, he would have had to pay a new filing fee, and the clerk of court would have assigned the case a new case number and processed it under court rules. In the absence of a proper filing, I cannot treat petitioner's motion as a new habeas petition. Thus, because I must treat petitioner's motion as one for reconsideration, the only possible bases for such motion are Fed. R. Civ. P. 59 and 60. However, a Rule 59 motion must be brought within ten days of the entry of judgment, and the present motion was not. See Fed. R. Civ. P. 59(e). Further, the motion is not a Rule 60(a) motion because petitioner is not attempting to correct a clerical mistake in a judgment. Thus, the only remaining basis for the motion is Rule 60(b).

## II. ANALYSIS UNDER RULE 60(b)

When addressing a Rule 60(b) motion seeking reconsideration of the disposition of a habeas petition, I must first determine whether I have jurisdiction to consider the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b).[1] See Dunlap v. Litscher, 301

---

[1]Section 2244(b) provides, in relevant part, as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would

2

F.3d 873, 875 (7th Cir. 2002) (collecting cases). If a Rule 60(b) motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. See 28 U.S.C. § 2244(b)(3); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). However, a Rule 60(b) motion must be treated as a second or successive petition only when it "conflicts with [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]." Dunlap, 301 F.3d at 875.[2]

Thus, in order to determine whether I have jurisdiction to consider petitioner's motion, I must determine whether doing so would conflict with AEDPA. The relevant provision of AEDPA essentially prohibits a district court from entertaining a claim for habeas relief if that claim was or could have been presented in the initial § 2254 petition unless the court of appeals has granted the district court permission to do so. See 28 U.S.C. § 2244(b)(1), (2) & (3). In the present case, petitioner could have raised his double jeopardy claim in his original habeas petition. Specifically, he could have asked the court to grant his habeas petition, argued that any retrial would violate the Double Jeopardy Clause, and asked the court to order his unconditional release. However, petitioner did not do so but instead argued that his conviction violated the Constitution and asked for a new trial. (See Mem. in Supp. [R. 3] at 1; Pet'r's Reply [R. 18] at 1.) Thus, petitioner's Rule 60(b) motion attempts to raise a claim that could have been raised in his initial petition, and

---

have found the applicant guilty of the underlying offense.

[2]The Supreme Court has granted certiorari to decide when, if ever, a prisoner in a proceeding governed by AEDPA can invoke Rule 60(b). See Gonzalez v. Crosby, 125 S. Ct. 961 (2005). For now, however, I adhere to the standards set forth in the text.

3

my consideration of the motion without permission from the court of appeals would conflict with AEDPA. Therefore, I lack subject matter jurisdiction to consider the motion.

### III. MERITS

Because the law concerning second or successive petitions and Rule 60(b) motions is somewhat murky and may change, as an alternative basis for my decision, I will also address the merits of petitioner's claim.[3] The Double Jeopardy Clause protects a defendant from repeated prosecutions for the same offense and "affords a criminal defendant a valued right to have his trial completed by a particular tribunal." See, e.g., Oregon v. Kennedy, 456 U.S. 667, 671 (1982) (internal quotation marks and citation omitted). In a jury trial, jeopardy attaches when the jury is empaneled and sworn. See, e.g., Crist v. Bretz, 437 U.S. 28, 35 (1978). Although further prosecution is normally prohibited after termination of an initial prosecution in which a jury was sworn, there are exceptions to this rule. "An acquittal is afforded special weight," meaning that "[t]he constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal." United States v. DiFrancesco, 449 U.S. 117, 129 (1980) (internal quotation marks and citation omitted). However, "[t]he result is definitely otherwise in cases where the trial has not ended in acquittal." Id. at 130.

---

[3]Before addressing the merits of petitioner's claim, I also note that petitioner may not have exhausted his state remedies. Although petitioner brought a motion in the state trial court to stop his retrial on double jeopardy grounds and the court has denied it, he has not presented the claim to any appellate court, which under Wisconsin law he may be able to do. See Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860-64 (E.D. Wis. 1999). However, because "what the exhaustion doctrine requires under these circumstances is not entirely clear," id. at 861, I will discuss the merits of petitioner's claim.

4

First, the government may bring a second prosecution "where a mistrial has been occasioned by manifest necessity." Id. (internal quotation marks and citation omitted). Second, "reprosecution of a defendant who has successfully moved for a mistrial is not barred, so long as the Government did not deliberately seek to provoke the mistrial request." Id. Third, "where the trial has been terminated prior to a jury verdict at the defendant's request on grounds unrelated to guilt or innocence, the Government may seek appellate review of that decision even though a second trial would be necessitated by a reversal." Id. Similarly, "the Double Jeopardy Clause does not bar a Government appeal from a ruling in favor of the defendant after a guilty verdict has been entered by the trier of fact." Id. Finally, "if the first trial has ended in a conviction, the double jeopardy guarantee imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside." Id. at 131 (internal quotation marks and citation omitted, emphasis in original). However, there is one exception to this last rule: "the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence." Id.

In the present case, I set aside petitioner's conviction on the ground that the state denied him his right to an unbiased tribunal. See Oswald v. Bertrand, 249 F. Supp. 2d 1078, 1111 (E.D. Wis. 2003), aff'd, 374 F.3d 475 (7th Cir. 2004). Thus, because petitioner's conviction was not set aside because of insufficiency of the evidence, the Double Jeopardy Clause "imposes no limitations whatever" on the state's power to retry him. DiFrancesco, 449 U.S. at 131. However, relying on dicta in several appellate court decisions, petitioner argues that the Double Jeopardy Clause bars his retrial because the prosecutor's conduct during the first trial contributed to his being tried by a biased jury.

5

Petitioner's argument relies on a "narrow exception" to the rule that where the defendant moves for a mistrial, the Double Jeopardy Clause does not bar a retrial. Kennedy, 456 U.S. at 673. This exception provides that when the prosecutor commits misconduct during the first trial with the intent to "goad" the defendant into moving for a mistrial, the Double Jeopardy Clause prohibits a second trial after the defendant successfully moves for a mistrial. Id. at 676. The rationale underlying this rule is that courts should not permit a prosecutor to abort a trial that he or she thinks will end in an acquittal by committing misconduct and goading the defendant into moving for a mistrial so that the prosecutor can start over again in a new trial. See United States v. Catton, 130 F.3d 805, 806 (7th Cir. 1997).

In the present case, petitioner's first trial ended in a conviction, not a mistrial. However, dicta in some court of appeals cases suggests that it may be appropriate to extend the narrow exception to the mistrial rule outlined in Kennedy to cases in which the prosecutor commits misconduct during a trial with the intent to avoid a looming acquittal, the jury convicts the defendant, and the defendant succeeds in getting the conviction reversed on the basis of the prosecutor's misconduct. See id. at 806-07 (collecting cases). The rationale for extending the exception to the mistrial rule to cases in which the defendant is convicted and the conviction is reversed is that if the rule is not extended, a prosecutor would have an incentive to commit misconduct during a trial to secure a conviction and try to ensure that the defendant does not discover the misconduct until after the verdict. Id. at 807. However, even under the extension of the exception, "a defendant who wants [a court] to block a retrial on the basis of prosecutorial error must show that the prosecutor committed the error because he thought that otherwise the jury would acquit

and he would therefore be barred from retrying the defendant." Id. (emphasis in original).

As the Seventh Circuit has stated,

> It is not enough that there was an error; it is not enough that it was committed or procured by the prosecutor; it is not enough that it was deliberate prosecutorial misconduct; it must in addition have been committed for the purpose of preventing an acquittal that, even if there was enough evidence to convict, was likely if the prosecutor refrained from misconduct.

Id. at 807-08.[4]

Whether a prosecutor engaged in misconduct with the intent to avoid a looming acquittal and subvert the protections afforded by the Double Jeopardy Clause is a question of fact. Kennedy, 456 U.S. at 675-76. A criminal defendant who believes that the prosecutor had such an intent must request an evidentiary hearing to probe the prosecutor's motives. Catton, 130 F.3d at 808. A defendant cannot ask a court to "infer from the record, [or] from [an appellate court's] criticisms of the prosecutor's conduct," that the prosecutor committed misconduct for the purpose of avoiding a looming acquittal. Id.

---

[4]In the present case, petitioner may be arguing for an extension of the extension of the exception to the mistrial rule. That is, petitioner seems to argue that whenever a prosecutor commits misconduct to secure a conviction and the defendant succeeds in overturning his conviction on the basis of the prosecutor's misconduct, the Double Jeopardy Clause bars a second trial because otherwise the prosecutor may benefit from his misconduct. When a prosecutor commits misconduct and such misconduct results in a second trial, the prosecutor may benefit from his misconduct because, among other reasons, he has already watched the defendant put on his case and thus has a better idea of what to expect in the second trial. However, the Supreme Court has already rejected any exception to the mistrial rule that does not require the defendant to prove that the prosecutor committed misconduct in order to avoid a looming acquittal. Specifically, in Kennedy, the Court rejected the proposition that a prosecutor's "bad faith conduct," "harassment" or "overreaching" can bar a retrial absent a finding that the prosecutor committed the misconduct with the intent to avoid a looming acquittal. 456 U.S. at 674-76. Thus, to the extent that petitioner argues that the Double Jeopardy Clause bars his retrial even if the prosecutor had no intent to avoid a looming acquittal, such argument fails.

7

In the present case, petitioner argues that the prosecutor committed misconduct by making "every possible effort to prevent the [trial] judge's determining whether [prospective] jurors were biased" during jury selection. Oswald, 374 F.3d at 479. However, assuming that this conduct could be considered misconduct, petitioner has not requested an evidentiary hearing to probe the prosecutor's motives. Instead, he asks me to infer from the Seventh Circuit's criticism of the prosecutor's conduct that the prosecutor intended to avoid a looming acquittal. However, Catton precludes such an inference and requires an evidentiary hearing. Thus, even if I extended the exception to the mistrial rule to cases in which the defendant is convicted and has his conviction set aside, petitioner has not satisfied his burden to prove that the prosecutor in his first trial committed misconduct in order to avoid a looming acquittal.

Finally, even if petitioner had requested an evidentiary hearing, his claim would still fail because no reasonable factfinder could conclude that the prosecutor in petitioner's trial committed misconduct for the purpose of preventing a likely acquittal. As noted, the conduct occurred during jury selection, before anyone knew which prospective jurors would be on the panel and before either the prosecution or defense presented any evidence. A prosecutor would have no reason to believe that an acquittal was looming at such an early stage of the trial. The misconduct that the Kennedy exception is designed to punish occurs when "the trial is going very badly for the prosecutor . . . [and] [h]e anticipates an acquittal." Id. at 806. But in petitioner's case, the alleged misconduct took place before the trial began and before the prosecutor could have formed an opinion of how it was going. Thus, unless the prosecutor had no confidence in his case to begin with, he could not have believed that an acquittal was looming.

Accordingly, even if I had jurisdiction to decide petitioner's motion, I would deny it on the merits on the ground that petitioner has not shown that the prosecutor committed misconduct for the purpose of avoiding a looming acquittal.

## IV.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that petitioner's Motion to Modify Relief Ordered by the Court is **DISMISSED** for lack of subject matter jurisdiction.  Alternatively, the motion is **DENIED** on its merits.

Dated at Milwaukee, Wisconsin, this 28 day of April, 2005.

/s_____
LYNN ADELMAN
District Judge